# Richmond.

## THE PULASKI IRON CO. v. PALMER AND WIFE.

### November 17th, 1892.

1. EQUITY JURISDICTION—*Reformation of deed—Mistake.*—A deed or other instrument may be reformed when, through mistake or accident, it does not accurately represent the agreement; but the mistake must be made out by the clearest and most satisfactory testimony. *Carter* v. *McArtor*, 28 Gratt., p. 356.

2. IDEM—*Case at bar.*—The bill alleged that complainant had orally purchased from defendant all the minerals in certain land, except lead and zinc; that defendant had altered the deed, after it had been sent to him for execution, by limiting the interest conveyed to the iron ore, without complainant's knowledge, until after the deed had been recorded, and just before suit brought. A letter from defendant to complainant, within a week after the contract and before the deed was executed, stated that he understood the agreement to cover all the minerals in the land, reserving to himself all the lead and zinc.

HELD:

Complainant is entitled to a reformation of the deed.

Argued at Wytheville. Decided at Wytheville. Appeal from decree of circuit court of Wythe county, rendered at September term, 1890, in a suit wherein the appellant, the Pulaski Iron Company, was complainant, and George W. Palmer and wife were defendants, the object of the suit being to correct a mistake in the deed from the latter, conveying to the complainant certain mineral interests. Opinion states the case.

*W. H. Bolling*, for the appellant.

*Brown & Moore*, for the appellees.

LACY, J., delivered the opinion of the court.

The suit was brought by the appellant company, the Pulaski Iron Company, to correct a mistake in the deed of the appellees, George W. Palmer and wife, conveying to them certain mineral interests in the lands of the said appellees. The plaintiff's bill sets forth that its agent, George T. Mills, one of the directors of the said appellant company, made a contract to purchase with the said Palmer and wife, by which, for the Pulaski Iron Company, he purchased of the said Palmer and wife all their mineral interests in the tract of land in question here, the said Palmer and wife reserving, by the terms of the said contract, however, all the lead and zinc on the said land; which sale was reported to and ratified by the superintendent and general manager of the company, and the company, duly ratifying the same, complied with the terms of sale by paying $10,000 down in cash in 1887, and agreed to pay $5,000 in one year, and $5,000 in two years. The appellees made a deed, which was referred to the company's attorney for the examination of and report on the title of the vendors. The title was investigated, and the deed remodeled, and sent by the attorney to George W. Palmer and wife for execution, which, however, was not executed as delivered to them, but altered in a material respect, and recorded, without notice of the change to the vendee, which change was not discovered until recently, when application was made to the vendors to correct the deed in accordance with the contract actually made between the parties; but this was refused on the part of Palmer and wife. The defendant (Palmer) answered, and denied any mistake, insisting that he had never agreed to sell anything but the iron interest, reserving all else in and upon the said land. Depositions were taken on both sides; and, the cause coming on to be heard, the circuit court dismissed the plaintiff's bill, and it applied for and obtained an appeal to this court.

It is conceded by the learned counsel for the appellees, who

cite and rely on the language of Judge Staples in *Carter* v. *McArtor*, 28 Gratt. 356, to the effect that " a deed or other instrument may be reformed when, through mistake or accident, it does not accurately represent the agreement," but call attention to the statement by the same learned judge, that " the mistake must be made out by the clearest and most satisfactory testimony." In the same case the principles are fully set forth which govern the question, and it is said that the burden of proof is on the complainant to show clearly the alleged error, and to rebut the presumption that the writing speaks the final agreement by the clearest and most satisfactory evidence; referring to Story Eq. Jur., § 160; *Leas' Ex'or* v. *Eidson*, 9 Gratt. 277; *Mauzey* v. *Sellars*, 26 Gratt. 641.

There is no dispute concerning the law in this cause, both sides concurring; and it is well settled that such a mistake may be corrected, and the deed reformed in accordance with the true agreement between the parties. In this cause we will briefly consider the evidence. It is claimed by the appellant company that the purchase was of the whole of the vendor's mineral interests, the vendor reserving the lead and zinc; and its officers making the purchase so testify. On the other hand, Palmer says that he sold only the iron interest by the contract, and made no mistake, and that the deed, as amended by him, sets forth the true agreement, and that there was no other agreement, and gives his deposition to this effect; that neither the company nor any of its agents ever suggested anything of any other purchase than iron ore until the second payment became due—two years afterwards; that the contract was never reduced to writing, and that he never heard, before the time mentioned, of any such alleged purchase of any interest other than the iron ore. The appellant, on the other hand, files—and proves the handwriting to be Palmer's—a letter to the following effect:

" SALTVILLE, June 11, 1887.

"*John S. Kennedy,* '*Esq.*, *Pulaski County,* *Va.* [Kennedy was the general manager of the company] :

" Dear Sir,—On my return home this evening I find your telegram—viz. : ' Pulaski accepts option at your figures. Directors authorize me to offer one third down. Will you accept these terms ? ' I do not understand this. Mr. George T. Mills came to Emory, Va., on last Tuesday, and accepted my proposition—viz., $20,000 *for my interest in the minerals on the Sayers tract, reserving to myself all of the lead and zinc*—$10,000 cash down ; the balance in one and two years, $5,000 each, with interest, payable annually, on the deferred payments. I supposed and believed that the purchase was for your company, I wrote to Mr. J. E. Moore, attorney, at Mr. Mills' suggestion, to make the deed, and send it for my signature. Please to confer with Mr. Mills.

" Yours, &c.,

" GEO. W. PALMER."

And in another letter, dated October 4, 1887, to the same person, addressing him as " general manager," he says, among other things : " I am willing to carry out the trade as I promised, but must have the cash payment, and hope that you will send me the check for the same on receipt of this." This letter, first written within a week of the agreement, sets forth the agreement circumstantially as it is claimed to be by the appellant. It is at variance, in the particulars claimed by the appellant, with the deed. The deed was written shortly after the agreement was made, and is so done as to exclude the limestone on the land, and makes no reservation of the lead and zinc, none being necessary if the sale is limited to the iron ore. This change is material, and greatly adverse to the interest of the vendee, as admitted by Palmer at the time. It was probably a mutual mistake, caused by the circumstance that the learned gentleman who was written to by the vendor

to make the deed was not present at the purchase, and Palmer may have been, and probably was, careless or hurried in writing to him ; and, as iron was the chief thing wanted by this "iron company," may have stated that he had sold his iron interests, and reserved the lead and zinc, and directed a deed to be drawn. But, however this was, when Palmer was insisting on his purchase and its terms, and claiming that it was for the company, and must be complied with, he states it in detail, and clearly in accordance with the appellant's contention. This was a case of mistake, and was probably, in the beginning, an accident, and not at first discovered, because of the different persons figuring at different stages of the transaction on the part of the company. The interpolation of the deed by the appellees, Palmer and wife, after it had left the hands of the Pulaski Iron Company, and without notice to them, was void as to' them, as it altered the scope and effect of the deed. Without this the deed recited : " Being the same mineral interest which David Sayers and wife, by deeds,     *     *     *     granted and conveyed unto the said G. W. Palmer in fee." The interpolation made the language as follows : " Being [all of the iron ore embraced in] the same mineral interest." So that the deed which had been presented to the counsel for the appellant described this grant as of the same mineral interests which Sayers and Gilmer & Barrett and others had conveyed to G. W. Palmer in fee ; but, by the alteration in question, it was described as all the iron ore only. This recital in no way binds the appellant, and must be stricken from the deed. There is no doubt about the fact that a mistake was made, and the same ought to be corrected. The circuit court having decided otherwise, the decree complained of must be reversed and annulled, and such decree rendered here as the said circuit court ought to have rendered.

DECREE REVERSED.