# CHARLESTON.

## MELOTT v. WEST *et al.*

Submitted September 14, 1915.   Decided October 12, 1915.

1. REFORMATION OF INSTRUMENTS—*Parol Evidence—Mutual Mistake in Deed.*

   In a suit to correct a mutual mistake in a deed so as to make it conform to the contract between the parties, evidence of previous negotiations by or on behalf of one or more of the parties, not to vary the terms of the written deed, but as showing or as tending to show what the real contract was, is admissible and competent evidence. (p. 744).

76 W. Va.

2. SAME—*Mutual Mistake—Jurisdiction in Equity.*
    A court of equity has jurisdiction to reform or rectify a mutual mistake in a deed, so as to make it express the actual contract made between the parties. (p. 744).

3. SAME—*Mutual Mistake—Relief in Equity—Evidence.*
    While in such cases the contract and the mutuality of the mistake in the deed must be established by evidence, clear, convincing, and free from doubt, and not conflicting, relief will not be denied, in a clear case, made out by overwhelming evidence, simply because one of the parties, in his evidence, controverts the fact of the mistake. (p. 744).

Appeal from Circuit Court, Wetzel County.

Suit by Pearl Melott against L. V. West and others. From decree for defendants, plaintiff appeals.

*Reversed and rendered.*

*Morris & Rose,* for appellant.

*Thos. H. Cornett,* for appellees.

MILLER, JUDGE:

Appellant, plaintiff below, complains of the decree appealed from, denying her relief, either upon her original bill filed, or upon her so called amended and supplemental bill, rejected, and dismissing her original bill.

By both original and amended and supplemental bill plaintiff sought to reform or rectify her deed, executed and delivered to defendants on October 10, 1912, purporting to convey to the grantees her undivided one half interest in a tract of forty one and sixty six one hundredths acres, more or less, in Wetzel County, further described as being the same tract conveyed to her and her brother, Perry Melott, jointly, by L. V. McIntire, special commissioner, by deed of August 29, 1906, but excepting only her one half interest in the oil and gas royalty, and not excepting therefrom, also, in accordance with her previous contract of sale, her like share and interest in the coal within and underlying said land, with mining rights and privileges, the same as in the prior deed of her brother, Perry Melott, to the same parties, for his one half interest in said land, executed and delivered to them on April 6, 1910, and which interest in said coal and mining rights and privileges the bill alleges was by the error of the scrivener

who prepared the same, and by the mutual mistake·of the parties thereto, omitted from the exception in said deed, and for which reason she seeks to have reformation or rectification thereof.

In her original bill plaintiff alleges that on or before the ―― day of October, 1912, defendants verbally agreed with her to purchase her undivided one half interest in said land, for the price and consideration of three hundred and eighty six dollars and sixty six cents, one hundred and fifty dollars whereof was to be paid in hand, and the remainder, with five per cent. interest, in one year, excepting from the grant, however, one half of the oil and gas royalty, and also her one half undivided interest in all the coal within and underlying said land, together with mining rights and privileges, the same as set out in the deed of her brother, Perry Melott, to them, a copy of which deed was exhibited with the bill; and it is further alleged that the attorney S.·B. Hall, employed to prepare her deed to defendants, by mistake in the preparation thereof, so drafted it as to except only her one half interest in the oil and gas royalties, but failed to except also her said interest in the coal and mining rights and privileges in accordance with the terms of her agreement. She alleges furthermore that at the time of making her deed she had just reached her majority, and being without experience in transactions of that character, she did not notice said mistake and omission until sometime afterwards, when it was called to her attention, and that as soon as she did discover it she called the attention of defendants thereto, and requested them to correct the same, by conveying back to her the said coal and mining rights and privileges, which they declined to do, wherefore she sued.

Plaintiff also alleges in her bill that the land so conveyed to defendants by her and her brother was the same as that allotted to them jointly in the division and partition of her father's estate, both being then infants under the age of twenty one years.

In her so called amended and supplemental bill, which the court rejected, plaintiff recites at some length the death of her father, intestate, leaving sixty seven acres of land, and the subsequent intermarriage of her mother with one Yoho,

and the subsequent proceedings whereby said land was divided between her and her brothers, David W. and Perry Melott, and the purchase by her mother of the interest of her brother David W. Melott of the part of said tract allotted to him. She further alleges that defendants, desiring to purchase the whole of said tract of land of which her father died seized, her brother, Perry Melott, had on April 6, 1910, as aforesaid, sold and conveyed to them his undivided one half interest in said forty one and sixty six one hundredths acres, so allotted to him and complainant, at the price of three hundred and sixty six dollars and sixty seven cents, excepting therefrom the oil and gas royalties, and the coal thereunder with mining rights as aforesaid, and that subsequently on April 9, 1910, said defendants also purchased from her mother, Elmeda Yoho, for the like consideration of three hundred and sixty six dollars and sixty seven cents, the land so allotted to her brother and purchased by her, she also excepting in her deed all the oil and gas and all the coal and mining rights and privileges, substantially as reserved and excepted in the deed from her brother Perry for his interest in said land.

But the principal allegations of this bill, and which were intended to meet and cover in detail the concrete case made by the evidence, were, that at the time plaintiff's mother, Mrs. Yoho, and her brother, Perry Melott, sold and conveyed to defendants their interests in said tract, plaintiff was still under age and could not join therein to convey her interest, but that she was represented in said sale and conveyance of her mother and brother by her brother, Perry Melott, who, acting for and on her behalf, contracted with the defendants for the sale of her interest also, on the same terms and with the same exceptions contained in his deed, and that he vouched for her that on her reaching her majority complainant would also execute and deliver to defendants a like deed for her interest in said land, with reservations and exceptions the same as those contained in his deed; and she alleges and charges that residing in the City of Chillicothe, Ohio, and shortly after obtaining her majority on October 2nd, 1912, she wrote defendants, informing them of the time when she would be in New Martinsville, Wetzel County, and that if they wanted her land, to meet her there, and saying that she had an op-

portunity to sell the land to another party, but would stand on her contract with defendants. She alleges also that she met the defendant, L. V. West, acting for both defendants, at the time appointed, for the purpose of carrying out the contract made through her brother, Perry Melott, and that after some conversation with him, plaintiff accompanied by her mother, the said Elmeda Yoho, and the said L. V. West, on October 10th, 1912, went to the office of one L. S. Hall, an attorney, who had prepared the deed from Elmeda Yoho and Perry Melott to defendants, and who understood all about the contract, but failing to find him in his office, S. B. Hall, his partner, was employed to prepare her deed, but who was not acquainted with the transaction, with the result that he failed to so prepare the same so as to except therefrom the coal and mining rights and privileges as aforesaid, and which mistake, as soon as she discovered it, plaintiff sought to have corrected as aforesaid, but had failed therein, as alleged in her original bill.

Complainant further charges that the defendants are both shrewd business men, and that in the transaction she stood upon an unequal footing with them, and that being without experience and having failed to notice the mistake in the deed prepared by said Hall, said West had then and thereby cunningly and craftily conceived the fraudulent intent and purpose, by suppressing the information contained in said deed, to wrong, cheat and defraud her out of her coal and mining rights and privileges, well knowing that she was ignorant of the mistake in said deed.

And complainant also proposed to make her original bill a part of her amended and supplemental bill, and the prayer of both bills is substantially the same.

By their demurrer, overruled, and their joint answer, defendants put in issue the material allegations of the bill. They deny the mutuality of the alleged mistake in the deed of plaintiff to them; they deny that in the agreement between them and the plaintiff, preliminary to the deed, any coal or mining rights were to be reserved; that with the full knowledge of the terms of said deed plaintiff had subsequently accepted from them fifty one dollars, part of the cash payment

on said land, and had thereby ratified and confirmed the deed as made.

On the first point of error, we are of the opinion that the facts set up in the so called amended and supplemental bill constituted evidential matters provable under the original bill, and that the rejection thereof was not reversible error. It is true the alleged contract of Perry Melott with defendants on plaintiff's behalf, which the evidence we think fully establishes, though not binding on her, was not wholly void. She could on reaching her majority elect to ratify and execute it, if accepted by defendants. And although plaintiff alleges in her original bill that she made her contract of sale with defendants on October 10, 1912, she could properly refer that date to the date of her ratification of the previous contract made on her behalf, and the evidence of these previous negotiations on her behalf, so ratified, would be competent evidence on and not inconsistent with the theory of a contract made and executed as alleged, on October 10, 1912. *Averill* v. *Boyer,* 76 W. Va. 642, 87 S. E. 259, point two of the syllabus, decided at the present term of the court.

So the real question of merit in the case is, did the court err in dismissing plaintiff's bill and denying her the relief prayed for? It is unnecessary to repeat the proposition and cite authorities to sustain it, that a court of equity may reform or rectify a mutual mistake in a deed or other writing, which does not express the real contract made, and intended by the parties, and this rule extends to mistakes made by the scrivener who prepares the deed or other instrument. *Crislip* v. *Cain,* 19 W. Va. 438; *Pulaski Iron Co.* v. *Palmer,* 89 Va. 384, 16 S. E. 275; *Troll* v. *Carter,* 15 W. Va. 577; *Ferrell* v. *Ferrell,* 53 W. Va. 515, 44 S. E. 187; *Taylor* v. *Godfrey,* 62 W. Va. 677, 59 S. E. 631; *Smith* v. *Owens,* 63 W. Va. 60, 59 S. E. 762, and cases cited.

But it is said there is a variance between the contract alleged and that attempted to be proved, that the alleged mistake is not clearly and distinctly made out, and that the evidence is conflicting, confused and contradictory, denying plaintiff right of reformation. As already indicated, we do not think there is any material variance. The plain and simple contract proved is that plaintiff was to sell and convey

her interest in the land to defendants upon the same terms and with the same exceptions or reservations recited in the previous deed of her mother and brother. She so swears and she is corroborated by all the surrounding facts and circumstances, and by the positive evidence of her mother and the scrivener or attorney who prepared the previous deeds, and there is nothing to the contrary, except the deed itself, and the uncorroborated evidence of one of the defendants. The scrivener, Mr. S. B. Hall, swears that he was hurried in the preparation of the deed on account of another engagement, and concedes that he may have misunderstood the parties in drawing the deed, and he would not say that he had read the deed to plaintiff after completing it. He does recall that he was sent to the court house to get some data, and was told that plaintiff's deed was to be like her brother's. Upon the whole his evidence tends strongly to support the claim that there was in fact a mistake in drafting the deed. In addition to all the other facts we have the proof positive that, shortly after making their deeds to defendants, plaintiff's mother and her brother Perry sold their coal and mining rights reserved for more than twelve hundred dollars, nearly twice the consideration paid them for the surface. Much is made over the slight difference between the consideration recited in plaintiff's deed and that recited in the deeds of her mother and brother, the difference being twenty dollars. Plaintiff attempts to account for this on the theory of interest charges. It is not clear how the difference in price occurred. Defendants contend the price recited was the price she named for her interest and that it had no reference to the consideration named in the other deeds, nor any connection therewith. The difference in the consideration can not be accounted for on the theory that it was the consideration paid or included for the coal. It is so grossly out of proportion to the value of the coal as evidenced by the former sales that no one would say it represented the value of the coal, or that the parties so regarded it. It would be a travesty on justice to say that this difference in the consideration should be allowed to defeat a plain case of mutual mistake calling for relief.

True our decisions say that the contract and the evidence of mistake in cases of this kind must be clear, convincing,

free from doubt, and not conflicting. *Koen* v. *Kerns,* 47 W. Va. 575; *Donaldson* v. *Levine,* 93 Va. 472; *Allen* v. *Yeater,* 17 W. Va. 128; *Jarrell* v. *Jarrell,* 27 W. Va. 743; *Fudge* v. *Payne,* 86 Va. 303; *Carter* v. *McArtor,* 28 Grat. 356. These decisions say, however, that cases of this character may be made out by parol testimony. In this case we have more than parol evidence. We have convincing facts and circumstances and cotemporaneous and related contracts in writing to corroborate the other evidence, and we think a clearer case could not well be made by evidence.

This conclusion must be correct unless plaintiff must fail because of the conflicting evidence of one of the defendants. If the bare denial of one of the parties to a deed, when confronted by an array of witnesses and corroborating facts and circumstances overcoming him, will cut off the relief of reformation, then a case for reformation could rarely be established except by a previous written agreement, for rarely does it occur that one of the parties to the instrument does not put in a denial. We do not believe this can be the law. The evidence for plaintiff in this case amounts we think to more than a mere preponderance; it convinces us of the certainty of the contract and of the error. The contract and the mistake is established beyond any reasonable doubt, answering all requirements of the law. We find cases in California and Maryland denying the proposition that such conflict in the evidence will defeat relief. *Hutchinson* v. *Ainsworth,* 73 Cal. 452, 2 Am. St. Rep. 823; *Sullivan* v. *Moorhead,* 99 Cal. 157; *Coale* v. *Merryman,* 35 Md. 382. In *Hutchinson* v. *Ainsworth, supra,* the court says: ''The conclusion from the sum of all the authorities on the subject is, not that relief must necessarily be denied because there is a conflict of testimony, for that would result in a denial of justice in some of the plainest cases calling for such relief, but that upon all the proofs, taking the facts as they appear to the court after eliminating testimony unworthy of credence, or based upon mistake or uncertainty, as in other cases, the mistake must be established in a clear and convincing manner, and to the entire satisfaction of the court.''

Our conclusion is to reverse the decree below and enter a decree here in accordance with the prayer of the bill, correct-

ing the deed so as to contain the exception of the coal and mining rights and privileges, the same as in the deed from Perry Melott to defendants, and it will be so ordered.

*Reversed and rendered.*