COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Felton and McClanahan
Argued at Salem, Virginia


BRENDA M. TUCK

OPINION BY
v.        Record No. 1107-05-3        JUDGE ELIZABETH A. McCLANAHAN
DECEMBER 28, 2005

GOODYEAR TIRE & RUBBER COMPANY AND
 LIBERTY INSURANCE CORPORATION


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Philip B. Baker (Sanzone & Baker, P.C., on brief), for appellant.

James A.L. Daniel (Janine M. Jacob; Daniel, Vaughan, Medley &
Smitherman, P.C., on brief), for appellees.


Brenda M. Tuck (claimant) appeals a decision of the Workers' Compensation

Commission denying her claim of benefits from Goodyear Tire & Rubber Company (employer).

Claimant contends that the commission erred in finding that: (1) all claims for benefits were

resolved by a memorandum of agreement (MOA) between claimant and employer; and (2) the

two-year statute of limitations barred claimant's additional claims. For the reasons that follow,

we affirm the decision of the commission.

I. BACKGROUND

On appeal from a decision of the commission, "we view the evidence in the light most

favorable to the party prevailing below" and grant that party the benefit of all reasonable

inferences. Tomes v. James City (County of) Fire, 39 Va. App. 424, 429-30, 573 S.E.2d 312,

315 (2002); see also Grayson (County of) Sch. Bd. v. Cornett, 39 Va. App. 279, 281, 572 S.E.2d

505, 506 (2002). On September 22, 2000, claimant was ejected from a truck pulling an empty

tread trailer when it overturned and threw her into a tire machine. According to emergency room

records, she sustained multiple injuries including cervical strain, lumbar strain, shoulder pain, a right rotator cuff tear, and an injury to her right hand. She was treated for her injuries by Dr. Joseph C. Campbell and Dr. Robert E. Cassidy, both orthopedic surgeons, in the months following the accident. She underwent rotator cuff repair surgery in November 2000. On March 5, 2001, Dr. Cassidy released claimant to light-duty work beginning the following week.

Claimant filed a claim for benefits on April 4, 2001, seeking benefits for a torn rotator cuff, a right-hand sprain, and "L(ower)-U(pper) Back" contusions stemming from the accident. She amended her claim on April 11, 2001, to include a torn rotator cuff, an upper-lower back sprain, and a hand sprain. On April 16, 2001, the commission notified claimant that an agreement to pay benefits was required to be filed before the claim could be processed. On April 23, 2001, employer's insurer filed an unexecuted memorandum of agreement (MOA), which indicated that the injury was a "lower back and right shoulder contusion." The employer's first report of accident (EFRA), which was also filed on April 23, 2001, indicated that Dave Cutchin was the claim processor.

Claimant and Cutchin signed the MOA, which listed the "nature of injury or illness, including parts of body affected" as the "[l]ower back and right shoulder." Five subsequent supplemental agreements to pay benefits, signed by claimant and Cutchin, also indicated that the injury was to the lower back and right shoulder.

The deputy commissioner informed claimant and Cutchin about the claim documents the commission had received and asked the parties to provide, *inter alia*, the properly executed MOA. The deputy commissioner also wrote:

> If the claimant is satisfied that all issues raised in her April 4, 2001, Claim for Benefits and as amended on April 11, 2001, have been resolved by the Agreement forms, she should notify the Commission and Mr. Cutchin <u>in writing</u> on or before **July 17, 2001,** that the August 2, 2001, hearing is not necessary. After I receive the claimant's correspondence, I will issue an Order

removing this matter from the Hearing Docket.  If I do not hear from the claimant, this matter will remain on my hearing docket for an evidentiary hearing on August 2, 2001.

(Emphasis in original.)  On July 6, 2001, claimant filed a hand-written letter requesting that the dispute be removed from the hearing docket.  She wrote, "I, Brenda M. Tuck, do hereby request that my case, VWC # 204-66-57 be taken off the court dockets.  I understand that my case manager, David M. Cutchin has has [sic] complied with all the requirements in this case, and filed all the legal paperwork."  The executed MOA was approved by the commission on October 26, 2001.

On December 17, 2001, claimant was treated by Dr. Cassidy, who noted she had persistent shoulder problems.  A couple of months later, he noted that claimant required repeat shoulder surgery, which was performed on March 26, 2002.  Claimant was again released to light-duty work by Dr. Cassidy in October 2002.

Claimant continued to have right shoulder weakness, and she continued treatment with Dr. Cassidy.  Dr. Cassidy ordered an MRI in March 2003, which showed claimant had a large herniated cervical disk.  He opined that the herniated disk "probably occurred" at the time of her injury.  On April 14, 2003, claimant informed the commission by letter that employer refused to cover treatment for the cervical condition on the basis that it was not a work-related injury.  Based on her doctor's statements, claimant contended that it arose from the original injury.  The deputy commissioner notified claimant and employer that claimant's letter would be considered a new claim and that the commission would schedule an evidentiary hearing.  On April 14 and 17, 2003, and May 8, 2003, claimant filed for additional benefits listing injury to her right shoulder, neck, upper-lower back, and right hand.  Employer refused to compensate claimant for the April 17, 2003 claim.

In June and July 2003, two neurosurgeons and a neuroradiologist examined the claimant and/or her treatment records. Dr. Nicholas Poulas opined that the herniated cervical disk was related to the work injury. On the contrary, Dr. Michael Dennis opined that the herniated disc was not related to the accident, which he based on claimant's lack of symptoms until 2002. Dr. David Berns reviewed the March 2003 MRI, which he concluded showed that the herniated disk was "most consistent with an acute injury" and that with the degree of herniation that he found, claimant "would have severe symptomology" and would need "medical attention relatively quickly." Dr. Berns later explained in a letter that his use of the term "acute" meant that the injury occurred "within the prior two to at most three month" period before the MRI. He stated that such "an acute injury would preclude it from being related to an injury one, two or three years before the MRI was obtained."

At the deputy commissioner's hearing, employer defended its refusal to pay compensation on the basis of *res judicata* and that the 2003 claims were barred by the statute of limitations. The deputy commissioner found that the claims for injuries to claimant's hand and neck were never adjudicated, and therefore not barred by *res judicata*. However, the deputy commissioner also found that all issues related to the 2001 claims were resolved by the MOA and that the 2003 claims were barred by the two-year statute of limitations pursuant to Code § 65.2-601.

Upon appeal, the commission affirmed the decision of the deputy commissioner. In its opinion, the commission found that with regard to claimant's April 2001 claims, claimant represented to the commission that "all issues were resolved" by the parties' MOA. It also found that claimant did not prove that it was a mutual mistake that the hand and neck claims were omitted from the MOA. It stated:

> Allowing a claimant to assert claims, submit agreement forms, represent that the agreement forms resolve the claims, and then

return later to revive resolved claims would create uncertainty as to finality, and force the Commission to address multiple claims in a piece-meal fashion, possibly years later. Both are major blows to judicial efficiency. We find that the claimant did not prove a mutual mistake, and we decline to undo the agreement that the parties reached. To find otherwise would allow any party to an agreement to subsequently assert that they did not mean what they said and have the agreement set aside.

Thus, the commission reviewed whether the April 2003 claim was filed within the statutory time period, and whether an exception to timely filing was warranted. It found that the claim was not filed within the two-year period required by the statute of limitations and that no exceptions to timely filing applied. Claimant appeals this decision.

## II. ANALYSIS

On appeal, we defer to the commission in its role as fact finder. VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511 (2002). "If supported by credible evidence, the factual findings of the commission are binding on appeal." Tomes, 39 Va. App. at 430, 573 S.E.2d at 315 (citations omitted). The commission's "conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal." Watkins v. Halso Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983).

Claimant argues that the parties' agreement should be vacated because it was based on a mutual mistake. See Harris v. Diamond Constr. Co., 184 Va. 711, 721, 36 S.E.2d 573, 578 (1946) ("[The c]ommission has the implied power, incidental to those expressly granted, to entertain and hear an application, seasonably presented, to vacate and set aside an award procured through fraud or mistake."). The commission found that claimant represented to the deputy commissioner that the parties' MOA, approved by the commission on October 26, 2001, resolved all issues raised in her April 2001 claims for benefits and that "the evidence does not indicate that the employer intended to accept the claimant's claim for a neck injury and mistakenly omitted the neck in the MOA." "In determining whether a mutual mistake of fact

- 5 -

existed at the time of the agreement, the inquiry is . . . whether each party held the same mistaken belief with respect to a material fact at the time the agreement was executed." Collins v. Dep't of Alcohol Beverage Control, 21 Va. App. 671, 681, 467 S.E.2d 279, 283, aff'd on rehearing en banc, 22 Va. App. 625, 472 S.E.2d 287 (1996). The burden is upon the party attacking an award to establish mistake by clear and convincing evidence. See City of Norfolk v. Bennett, 205 Va. 877, 880, 140 S.E.2d 655, 657 (1965) (citing Pulaski Iron Co. v. Palmer and Wife, 89 Va. 384, 386, 16 S.E. 275 (1892)); see also J&D Masonry, Inc. v. Kornegay, 224 Va. 292, 295, 295 S.E.2d 887, 889 (1982) (citations omitted).

The evidence supports the commission's finding. Claimant voluntarily signed the MOA, which listed injuries only to the lower back and right shoulder. She also voluntarily signed five subsequent agreements for benefits that also listed only lower back and right shoulder injuries. On July 3, 2001, the deputy commissioner wrote to the parties advising them that if claimant was satisfied that all issues related to her claim of benefits had been resolved, she should notify the commission in writing that the hearing would not be necessary, and the matter would be removed from the docket. In response, the claimant filed a hand-written letter on July 6, 2001, requesting that the dispute be removed from the hearing docket. Thus, claimant affirmatively represented to the commission in writing that the MOA resolved *all* issues related to the April 2001 claims. Because evidence supports the commission's findings that the 2001 claims were resolved and that the claimant did not prove mutual mistake of fact, the only issue is whether claimant's April and May 2003 claims for benefits for injury to her neck and right hand are barred by the statute of limitations.

Whether a claim is barred by the statute of limitations is a question of law. This Court "review[s] questions of law *de novo*," Tomes, 39 Va. App. at 430, 573 S.E.2d at 315 (internal quotation marks and citation omitted), and this Court is not "bound by the legal determinations

- 6 -

made by the commission." Grayson (County of) Sch. Bd., 39 Va. App. at 281, 572 S.E.2d at 506 (internal quotation marks and citation omitted); see also Sturtz v. Chesapeake Corp., 38 Va. App. 672, 675, 568 S.E.2d 381, 383 (2002). An injured employee must file a claim with the commission within two years of the accident. If the claimant fails to meet this filing deadline, the right to compensation "shall be forever barred." Code § 65.2-601. Timely filing of an original claim is mandatory, and a claimant bears the burden of proving his claim is timely filed. See Johnson v. Paul Johnson Plastering, 37 Va. App. 716, 723, 561 S.E.2d 40, 43 (2002) (citing Massey Builders Supply Corp. v. Colgan, 36 Va. App. 496, 502, 553 S.E.2d 146, 149 (2001)).

There are only three exceptions to timely filing under the statute of limitations. First, Code § 65.2-602 provides for tolling of the statute of limitations if the employer fails to file the first report of accident and such conduct operates to prejudice the rights of the employee with regard to filing the claim prior to the expiration of the time period. Second, the employer is estopped from asserting the statute of limitations defense if the claimant provides unequivocal evidence that she refrained from filing a claim because employer misrepresented or concealed material facts. See Am. Mut. Liab. Ins. Co. v. Hamilton, 145 Va. 391, 135 S.E. 21 (1926); Avon Prods., Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992); Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 59-60, 396 S.E.2d 392, 394-95 (1990). Finally, the doctrine of imposition "'empowers the commission in appropriate cases to render decisions based on justice shown by the total circumstances even though no fraud, mistake or concealment has been shown.'" Odom v. Red Lobster # 235, 20 Va. App. 228, 234, 456 S.E.2d 140, 143 (1995) (quoting Avon Prods., Inc., 14 Va. App. at 7, 415 S.E.2d at 228). The application of the doctrine, however, requires a threshold showing of unfairness: "The doctrine focuses on an employer's or the commission's use of superior knowledge of or experience with the Workers' Compensation Act or use of economic leverage, which results in an unjust deprivation to the

- 7 -

employee of benefits warranted under the Act." Butler v. City of Virginia Beach, 22 Va. App. 601, 605, 471 S.E.2d 830, 830 (1996). None of these exceptions applies in this case.

The injury occurred on September 22, 2000, and claimant filed her first claim for benefits on April 4, 2001, approximately six months after the accident. Although employer filed the EFRA on April 23, 2001, which was outside the filing period as required by Code § 65.2-900, there is no evidence that the late filing of the EFRA caused claimant any prejudice, such that it affected claimant's ability to file her claim prior to the expiration of the statutory time period.[1] Even if we were to assume that the statute of limitations was tolled until April 4, 2001, the date of claimant's first claim of benefits, her April 14 and 17, 2003, and May 8, 2003 claims for benefits still fall far outside the time limitation.

The doctrine of equitable estoppel also does not apply, because claimant has conceded that employer did not misrepresent or conceal material facts that caused her to refrain from filing her claim. See Am. Mut. Liab. Ins. Co., 145 Va. 391, 135 S.E. 21; Avon Prods., Inc., 14 Va. App. at 7, 415 S.E.2d at 228; Rose, 11 Va. App. at 59-60, 396 S.E.2d at 394-95.

Finally, the doctrine of imposition does not apply. Claimant contends this case is similar to Avon Prods., Inc. and John Driggs Co. v. Somers, 228 Va. 729, 324 S.E.2d 694 (1985). However, in those cases, unlike in this case, each of the claimants made a threshold showing of unfairness. In Avon Prods., Inc., the employer incorrectly represented to the claimant that all documents necessary for entry of the award had been timely filed, 14 Va. App. at 7, 415 S.E.2d at 228. In John Driggs Co., the employer's calculation "substantially deviate[d] from the statutory guidelines," 228 Va. at 735, 324 S.E.2d at 697. Similarly, in Odom, the employer and

---

[1] Code § 65.2-900 provides: "Within ten days after the occurrence of such injury or death, and knowledge of injury as provided in § 65.2-600, a report of the injury or death shall be made and transmitted to the Commission by the employer, its representative or, in the case of an insured employer, its insurance carrier . . . ."

the commission had mistakenly led the claimant to believe that a timely claim had already been filed. 20 Va. App. 228, 456 S.E.2d 140.

Here, claimant concedes that employer did not mislead claimant or use "superior knowledge of or experience with the Workers' Compensation Act" to deprive her of her claimed compensation. Butler, 22 Va. App. at 605, 471 S.E.2d at 830. Accordingly, the doctrine of imposition also does not apply.

### III. CONCLUSION

Credible evidence supports the commission's decision that claimant represented to the deputy commissioner that the parties' MOA resolved all issues raised in her April 2001 claims for benefits and that claimant did not prove mutual mistake. Claimant's 2003 claims are barred by the two-year statute of limitations pursuant to Code § 65.2-601, and she did not present any evidence to support the application of any exception to timely filing. Accordingly, we affirm the commission's decision.

Affirmed.