COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judges Frank and McClanahan
Argued by teleconference


TIDEWATER ACADEMY, INC. AND
  HARTFORD UNDERWRITERS
  INSURANCE COMPANY
                                                        MEMORANDUM OPINION* BY
v.         Record No. 2353-06-2              JUDGE ELIZABETH A. McCLANAHAN
                                                                APRIL 3, 2007
ELIZABETH EVANS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Anne M. Dobson (Law Office of Jonathan P. Jester, on brief), for
               appellants.

               No brief or argument for appellee.


       Tidewater Academy, Inc. and Hartford Underwriters Insurance Company (collectively

Tidewater) appeal a decision of the Workers' Compensation Commission finding the claim filed

by Elizabeth Evans (Evans) for medical benefits not barred by the statute of limitations.  For the

reasons that follow, we affirm the decision of the commission.

                                         I.  BACKGROUND

       On appeal from a decision of the commission, "we view the evidence in the light most

favorable to the party prevailing below" and grant that party the benefit of all reasonable

inferences.  Tomes v. James City (County of) Fire, 39 Va. App. 424, 429-30, 573 S.E.2d 312,

315 (2002); see also Grayson (County of) Sch. Bd. v. Cornett, 39 Va. App. 279, 281, 572 S.E.2d

505, 506 (2002).  Evans sustained a compensable injury to her back, hip, and elbow on May 29,

2003, while working as a bus driver for Tidewater.  She received medical treatment that date and

--------

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

continuing follow-up care thereafter. Evans did not ask anyone at the school about how to file a claim for benefits, and while the school did not tell Evans she did not have to file a claim, a representative of Tidewater told Evans the school would pay her medical bills and "would handle everything." The employer filed a 45-A minor injury report with the commission on August 4, 2003. Evans testified she did not receive any information from the workers' compensation commission at that time even though her address in the commission's files was correct, and Evans did not recall seeing any posters at her workplace regarding workers' compensation rights. According to an affidavit from a first report supervisor for the commission, the commission's records did not reflect that "the pamphlet 'A Brief Guide to Workers' Compensation for Employees (Minor Injury Cases)' was returned from the Post Office to which it was sent." The deputy commissioner found the pamphlet was not sent, and the commission found Evans did not receive the pamphlet while it was the policy of the commission to send it upon receipt of the 45-A report.

Evans' husband contacted the commission on her behalf after learning from one of her physicians that the carrier had refused to pay for additional medical treatment. Subsequently, the commission sent a blue Notification Letter to claimant on June 23, 2005, which was the first information received by Evans from the commission. On July 7, 2005, the commission sent the "Red Guide" (another name for the pamphlet referred to in the affidavit) to Evans and she filed her claim for benefits on the same date.

Tidewater argued to the commission that Evans' claim was barred by the two-year statute of limitations because she waited until July 7, 2005 to file her claim.[1] According to Evans, she did not file her claim sooner because "the school came to her and said they would handle

---

[1] Tidewater also argued that some of her treatment was not causally related to the accident. That argument was not made to the commission and is not before us.

everything." The commission concluded the evidence sufficiently established that the claim was not time-barred.

## II. ANALYSIS

On appeal, we defer to the commission in its role as fact finder. VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511 (2002). "If supported by credible evidence, the factual findings of the commission are binding on appeal." Tomes, 39 Va. App. at 430, 573 S.E.2d at 315 (citations omitted). The commission's "conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal." Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983).

An injured employee must file a claim with the commission within two years of the accident. Code § 65.2-601. The statute of limitations bars the employee's claim unless the bar is tolled under Code § 65.2-602, the employer is estopped from asserting the defense, or the doctrine of imposition bars the defense. Tuck v. Goodyear Tire & Rubber Co., 47 Va. App. 276, 284, 623 S.E.2d 433, 437 (2005) (citing Am. Mut. Liab. Ins. Co. v. Hamilton, 145 Va. 391, 135 S.E. 21 (1926); Avon Prods., Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992); Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 59-60, 396 S.E.2d 392, 394-95 (1990); Odom v. Red Lobster # 235, 20 Va. App. 228, 234, 456 S.E.2d 140, 143 (1995)). With specific regard to estoppel, "the employer is estopped from asserting the statute of limitations defense if the claimant provides unequivocal evidence that she refrained from filing a claim because employer misrepresented or concealed material facts." Tuck, 47 Va. App. at 284, 623 S.E.2d at 437 (citations omitted).

The inferences the commission drew from the statements made to Evans by the Tidewater representative and its findings of fact as to why Evans refrained from filing her claim are binding and conclusive on us. In that regard, the commission found that a representative of

Tidewater told Evans her medical bills would be paid. Although voluntary payment of medical bills does not estop Tidewater from asserting the statute of limitations, see Stuart Circle Hosp. v. Alderson, 223 Va. 205, 288 S.E.2d 445 (1982), a representative of Tidewater also told Evans the school would "handle everything." A reasonable inference from this statement is that Tidewater would handle her workers' compensation claim. Evans understood this statement to mean the school would take care of everything related to workers' compensation and relied upon this statement in refraining from filing her claim. In reviewing the record, the commission specifically stated "[t]he Chief Deputy Commissioner observed the witness first hand and found the claimant's testimony credible" and it found "no reasons to disturb his credibility findings."

Viewing the evidence in the light most favorable to Evans, there was credible evidence to support a finding that in telling Evans it would "handle everything" Tidewater caused her to refrain from filing a claim herself and misrepresented that it would file Evans' claim for her. Tidewater then did not, in fact, file Evans' workers' compensation claim.

Accordingly, we affirm the commission's decision.

Affirmed.