COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


JAMES MELVIN ASHBY

                                                     MEMORANDUM OPINION*
v.       Record No. 0731-07-3                            PER CURIAM
                                                        JULY 31, 2007
RAMAR COAL COMPANY, INC. AND
 LIBERTY MUTUAL INSURANCE COMPANY


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           (Steven R. Minor; Elliott Lawson & Minor, on brief), for appellant.

           (Brian J. Rife; Penn, Stuart & Eskridge, on brief), for appellees.


        James Melvin Ashby (claimant) appeals a decision of the Workers' Compensation

Commission finding that it had no jurisdiction to consider his claim for benefits alleging an

injury by accident arising out of and in the course of his employment on April 2, 1994.  Claimant

argues the commission erred in finding that he failed to establish grounds for applying the

doctrine of imposition to toll the statute of limitations contained in Code § 65.2-601.  We have

reviewed the record and the commission's opinion and find that this appeal is without merit.  See

Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992) ("An

employer's voluntary payment of an injured employee's medical bills does not estop the

employer from invoking the statute of limitations of Code § 65.1-87 (now Code § 65.2-601)."),

aff'd, 245 Va. 337, 428 S.E.2d 905 (1993) (per curiam); Tuck v. Goodyear Tire & Rubber Co.,

47 Va. App. 276, 285, 623 S.E.2d 433, 437 (2005) ("The application of the [imposition]

doctrine, however, requires a threshold showing of unfairness:  'The doctrine focuses on an

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

employer's or the commission's use of superior knowledge of or experience with the Workers' Compensation Act or use of economic leverage, which results in an unjust deprivation to the employee of benefits warranted under the Act.'" (citation omitted)).  Accordingly, we affirm for the reasons stated by the commission in its final opinion.  See Ashby v. Ramar Coal Co., Inc., VWC File No. 168-33-22 (Mar. 1, 2007).  We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.  See Code § 17.1-403; Rule 5A:27.

Affirmed.