# CHARLESTON.

BIGGS *v.* BAILEY.

### Decided March 16, 1901.

1. DEED—*Parol Evidence—Reformation—Mistake.*
   While a general warranty deed, without limitation, reservation, or exceptions, conveys all the grantor's right, title, and interest, both legal and equitable, in and to the property embraced therein, and while parol testimony is not admissible to vary, contradict, or explain such deed, unambiguous on its face, yet, if such deed is executed through mutual mistake as to the legal effect thereof, contrary to the plainly-established intention of the parties thereto, a court of equity will grant relief against such mistake, especially when the same is attributable to the party or his agent who is seeking to take an unconscionable advantage thereof. (p. 189.)

2. EQUITY—*Mutual Mistake—Evidence.*
   A court of equity will relieve against a mutual mistake of law as well as of fact, when such mistake is established by clear and convincing proof, and the rights of innocent third parties do not interfere. (p. 190).

Appeal from Circuit Court, Raleigh County.

Action by Ruth A. Biggs against Amos Bailey. Judgment for plaintiff, and defendant appeals.

*Reversed.*

JOHN W. McCREERY, for appellant.

J. H. McGINNIS, for appellee.

DENT, JUDGE:

Ruth A. Biggs obtained an injunction against Amos Bailey in the circuit court of Raleigh County perpetually enjoining him from the collection of a deed of trust debt amounting to the sum of two hundred and fifty-six dollars and seventy-seven cents. He appeals.

The facts are as follows: George W. Bailey, deceased, son of Amos Bailey, on the 4th day of March, 1893, purchased the land in controversy of Ward Cook, and took a conveyance therefor. Not having sufficient money to pay the purchase price, he borrowed two hundred and ninety-seven dollars from his father,

gave him his note, and also executed a deed of trust on the same land to George Bailey, trustee, to secure the payment thereof. On the 3d day of March, 1896, George W. Bailey and his wife, Ruth A., now Biggs, conveyed this land to Amos Bailey, with the understanding that he in turn was to convey it to Ruth A. Bailey, the object being to get the land in his wife's name. Amos Bailey and wife, with the understanding that the conveyance by them would not interfere with the deed of trust aforementioned executed a conveyance of this land to Ruth A. Bailey and her bodily heirs by her said husband, George W. Bailey, dated the 4th day of March, 1896, with covenant of general warranty, which, however, was returned to and held by the said Amos Bailey. After the death of George W. Bailey, to-wit, on the 3d day of March, 1897, Amos Bailey had a settlement with Ruth A. Bailey, the plaintiff. The balance due on the deed of trust and note was ascertained to be two hundred and forty-one dollars and forty-one cents, and upon her agreeing to pay the same in a short time he delivered to her the deed for the land. She failing or refusing to pay off such sum according to her promise, he directed the trustee to sell the land, and thereupon she filed her bill, and set up her deed in bar of the same, and the circuit court sustained her plea by perpetually enjoining the enforcement of the trust deed.

The law is well settled that "a general warranty deed without limitation, reservation or exception conveys all the grantor's right, title and interest, both legal and equitable in and to the property embraced therein." *S. B. L. Asso.* v. *Page,* 46 W. Va. 302; *Turk* v. *Skiles,* 45 W. Va. 82. The deed from Amos Bailey to the plaintiff being with general warranty without limitation, reservation or exception conveyed the grantor's whole title, including his interest in the trust deed, and therefore was a complete bar to the enforcement of the trust. It is also settled law that "Parol evidence of prior or contemporaneous verbal contracts or promises is not admissible to vary, contradict or explain the terms or consideration of a complete, unambiguous written contract." *Buena Vista Co.* v. *Billmyer,* 48 W. Va. 382, (37 S. E. R. 583); *Knowlton* v. *Campbell,* 48 W. Va. 294, (37 S. E. R. 581); *Martin* v. *Monongalia R. R. Co.,* 48 W. Va. 542, (37 S. E. R. 563). Nor will misunderstandings as to the legal effect of an unambiguous sealed instrument be relieved against unless such misunderstanding is mutual. But where there is a mutual

mistake between the parties to a written contract or deed, even though such mistake be legal, a court of equity will grant relief against the same, especially when the party who is seeking advantage thereof brought about the same, either in person or by his agent. For to permit him to do so, is to allow him to take a fraudulent advantage of and convert into a wrong a mistake innocent in its inception, and which he is equitably bound to correct, as being the true cause thereof. *Robinson* v. *Boinden,* 44 W. Va. 183; *Knowllon* v. *Campbell,* cited; 15 Am. & En. En. Law 642; *State* v. *Paup,* 13 Ark. 129; *Green* v. *Morris, etc. R. Co.,* 12 N. J. Equity 165. In the latter case it was held that while it is a general rule that ignorance of law excuses no one, that there are proper and well recognized exceptions to such rule, and that in case of mistake of law, mutual as to both parties, attributable to the agent of the party seeking to take an unconscientious advantage thereof, equity will grant relief. In the present case the notary public, John W. Ball, who wrote the deeds for George W. Bailey, deceased, and who as his agent went to secure the signatures and acknowledgment of Amos Bailey and wife thereto, testifies that Amos Bailey and wife in the presence of the plaintiff objected to signing the deed for the reason that it might interfere with the prior deed of trust, and he advised them that it would not do so, and decedent did not intend anything of that kind, and with this understanding as to the law they signed the deed. Afterwards decedent delivered the deeds to his father to be held by him and he after his son's death, on her promise to pay off and satisfy the balance yet due on the trust debt turned them over to plaintiff, being the deeds from decedent and wife to his father, and from the father and wife to the plaintiff. It is plan from the undisputed evidence that the plaintiff is fully cognizant of the whole matter, and well knows that her deed was not to interfere with the trust deed, but that both she and the land were bound therefor, and so understanding she promised to pay the same. After receiving her deed through ill-advice she declined to meet her obligation, but instituted this suit to have her deed declared a bar to the trust debt, thus seeking to take advantage of a mutual mistake of law brought about by the representations of herself and her agents. This a court of equity will not permit her to do, but will require her, who seeks, to first do equity.

The circuit court, having the matter before it, should ascer-

tain the amount due on the deed of trust and charge the same upon the land, but before doing so the children, if any, of plaintiff by her husband, George W. Bailey, should be parties to the suit.

The decree perpetuating the injunction is reversed, and the cause remanded for further proceedings.

*Reversed.*