# Richmond.

## BURTON AND ANOTHER v. HADEN AND OTHERS.

### March 12, 1908.

1. EQUITY—*Mistake as to Estate in Land—Mistake of Law—Mistake of Fact.*—If the fee-simple owner of a tract of land, in ignorance of his rights, honestly believes that he owns only an undivided one-third interest therein, and sells and conveys his whole interest to the person claiming to own the other two-thirds thereof, this presents a case of mutual mistake against which equity will grant relief. Generally a mistake of law, pure and simple, is not an adequate ground for relief, but the maxim that ignorance of the law is no excuse is confined to mistakes of the general rules of law, and has no application to the mistakes of persons as to their own private legal rights and interests. The latter stand on the footing of mistakes of fact and furnish ground for equitable relief.

2. MISTAKE—*Compromise of Doubtful Right—Case in Judgment.*—The evidence in this case does not present a case of a deed made in compromise and settlement of doubts as to the rights of the parties to the land conveyed by the deed, but, considered in its most favorable light for the grantee, of mutual mistake; the grantor and grantee each honestly believing that the grantor was the owner of only an undivided one-third interest in the land conveyed, and the grantee the owner of the remaining undivided two-thirds interest therein. The price paid was grossly inadequate for the whole land, and relief against the conveyance will be granted in equity.

Appeal from a decree of the Circuit Court of the city of Lynchburg. Decree for complainants. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Wilson & Manson* and *F. W. Whitaker*, for the appellants.

*Harmon & Walsh* and *L. O. Haden*, for the appellees.

KEITH, P., delivered the opinion of the court.

The bill in this case was filed by Mrs. Eugenia L. Haden against Belle G. Burton and Gabriella T. Burton, heirs at law of E. H. Burton, the object of which is to set aside and annul a conveyance, made May 20, 1904, by Mrs. Haden to E. H. Burton. This deed is as follows:

"This deed made this 20th day of May, 1904, between Eugenia L. Haden, party of the first part, and E. H. Burton, party of the second part:

"Witnesseth: That for and in consideration of the sum of nine hundred dollars, the receipt of which is hereby acknowledged by the, said party of the first part, evidenced by the bond of said party of the second part for the said sum of $900, bearing even date herewith and payable to the said Eugenia L. Haden one year after date, with interest from date, for the payment of which a vendor's lien is hereby especially reserved on the land herein conveyed, the said party of the first part hath granted, sold and conveyed, and by these presents doth grant, sell and convey unto the said party of the second part, with general warranty of title, all the right, title and interest of the said Eugenia L. Haden, party of the first part, which said party of the first part acquired under the last will and testament of M. L. Burton, deceased, by the exercise of the power of appointment vested in said M. L. Burton, in and to that certain tract of land situate, lying and being in Campbell county, containing 340 acres, more or less, and described as follows:

\*     \*     \*

"It being the same tract of land which was conveyed by Madison Haden in trust for the benefit of the said M. L. Burton, deceased, with power in said M. L. Burton to appoint by her last will and testament one of her brothers or sisters to the remainder interest therein, after the death of said M. L. Burton, deceased, by deed dated February 6, 1891, and of record in the

clerk's office of the County Court of Campbell in deed book 55, page 209. The power of appointment contained in said deed having been exercised by said M. L. Burton, deceased, in favor of the said party of the first part, in her last will and testament, which said will is recorded in the clerk's office of the Corporation Court for the city of Lynchburg in will book J, page 275. To which deed and will reference is hereby made.

"To have and to hold unto him, the said E. H. Burton, his heirs and assigns forever.

"It is conceded by said Eugenia L. Haden, party of the first part, that said E. H. Burton, has title to an undivided two-thirds interest in the above described property. And the said Eugenia L. Haden hereby disclaims any interest or claim to the said undivided two-thirds hereby admitted to be vested in said E. H. Burton.

"But whatever be the interest of the said Eugenia L. Haden in and to said tract of land, it is the intent of this deed to convey the whole of her said interest, be the same one-third or more, to the said E. H. Burton.

"The said party of the first part hereby covenants with the said party of the second part, that she is seized of said property in fee-simple; that she has the right to convey the same; that she has done no act to encumber the same; that said property is free from encumbrances; that the said party of the second part shall have quiet and peaceable possession of the same, and that she will execute such other and further assurances of title as may be requisite."

Without discussing the pleadings, it is sufficient to say, that the bill claimed that the deed should be set aside, if for no other reason, upon the ground of mutual mistake as to the interest and title of the grantor in the tract of land which was the subject of the conveyance.

We do not deem it necessary to set out the wills and deeds, by force of which the title to the 340 acres embraced in the deed from Eugenia L. Haden to E. H. Burton became vested

in the grantor in that deed. It is beyond doubt that at the date of that conveyance Eugenia L. Haden was the fee-simple owner of the 340 acres of land; that she believed that she had title only to an undivided one-third interest therein; and the most favorable position in which the grantee can be placed is, that the mistake was mutual, and that the grantee as well as the grantor dealt with the subject matter in the honest belief that she was the owner of an undivided one-third, and that he was the owner of the remaining undivided two-thirds interest in that tract.

It appears from the evidence that this deed was prepared by counsel for E. H. Burton, the grantee; that Burton carried the deed to Mrs. Haden; that he took her before a notary in Campbell county, by whom her acknowledgment was taken; that the relations between the grantor and grantee had been of the most intimate and confidential character; that she had implicit confidence in him and in his judgment, and frequently advised and counseled with him about business affairs. It appears that Mrs. Haden knew that the will of Mrs. Burton, under which this tract of land had passed had been drawn by A. H. Burroughs, one of the ablest members of the Lynchburg bar; she knew also that E. H. Burton had consulted with Burroughs with respect to the title to this land; and when, therefore, in the course of negotiations with her, Burton stated that she owned only an undivided one-third interest in the land, she relied on that statement and believed it to be true, and also accepted as true Burton's statement as to the value of the tract, which was placed at $2,700, and her interest of one-third at $900. So that, when all of these circumstances are considered, we repeat that the most favorable position in which E. H. Burton can appear in this record is that of having participated with his grantor in a mistake common to both.

It appears from the deed itself that the grantor was of opinion that she had title to only an undivided one-third interest, and that E. H. Burton, the grantee, already had title to the remaining two-thirds interest.

The judge of the circuit court, upon the evidence, ascertains the fair value of the land to be $5,000, which seems to be the result of an average of the estimates placed upon it by the witnesses.    Upon this basis, the one-third interest would be worth something more than $1,600, for which the grantor only received $900; but by what was, without doubt, a mistake common to both, the grantor conveyed her entire interest, which was as we have seen a fee-simple, in the entire tract for $900, so that she received for this farm less than twenty *per cent.* of its value.

The circuit court set the sale aside, and from its decree an appeal was allowed.

The contention of appellant is: First, that the deed was a compromise of doubtful rights; and, second, that if the parties acted under a mistake, it was a mistake, not of fact, but of law, against which a court of equity will not relieve.

We do not think the claim that the deed was the result of a compromise of doubtful rights can be maintained.    It presents none of the elements of a compromise.    The grantee claimed a two-thirds interest in this tract of land, and obtained the whole of it; the grantor, under a mistake as to her rights, undertook to convey an undivided one-third interest, for which she received rather more than half of its value.    It is true that the language of the deed is very clear—"It is conceded by said Eugenia L. Haden, party of the first part, that said E. H. Burton, has title to an undivided two-thirds interest in the above described property.    And the said Eugenia L. Haden hereby disclaims any interest or claim to the said undivided two-thirds hereby admitted to be vested in said E. H. Burton."    That is not the language of the compromise of a doubtful right, but is the recognition of an undisputed right which she, acting under a mistake as to her title, was of opinion had already vested in her grantee, and in which she, therefore, had no interest and over which she had no control.    It is true that the deed continues: "But whatever be the interest of the said Eugenia L. Haden in and to said tract of land, it is the intent of this deed

to convey the whole of her said interest, be the same one-third
or more, to the said E. H. Burton." But the deed is to be
construed as a whole; and it is inconceivable that the grantee,
with knowledge as to the condition of her title, and that she was
the owner in fee-simple of the entire tract, would have parted
with it for the consideration named in the deed.

This brings us to consider whether or not the mistake under
which the parties acted in this case was one against which a
court of equity will grant relief.

There is a very full and interesting discussion of this subject
in Pomeroy's Eq. Jur. (3rd ed.), sec. 841, *et seq.* The doctrine
seems to be well settled that, in general, a mistake of law, pure
and simple, is not an adequate ground for relief. But it has
been held by judges of the highest ability, that the general doc-
trine embodied in the maxim, *"Ignoratia juris non excusat,"* is
confined to mistakes of the general rules of law, and that it has
no application to the mistakes of persons as to their own private
legal rights and interests. Pom. Eq. Jur., sec. 842.

In *Cooper* v. *Phibbs,* L. R. 2 H. L., 149, A, being ignorant
that certain property belonged to himself, and supposing that
it belonged to B, agreed to take a lease on it from B at a certain
rent. There was no fraud, no unfair conduct. All parties were
equally aware of the facts. The House of Lords set aside the
agreement on account of mistake, a majority of the judges call-
ing it a mistake of fact. Lord Westbury, in the course of his
opinion said: "In such a state of things, there can be no doubt
of the rule of a court of equity with regard to the dealing with
that agreement. It is said, *'Ignorantia juris haud excusat;'*
but in that maxim the word *'jus'* is used in the sense of denot-
ing general law, the ordinary law of the country. But when
the word *'jus'* is used in the sense of denoting a private right,
that maxim has no application. Private right of ownership is
a matter of fact. It may be the result also of matter of law;
but if parties contract under a mutual mistake and misappre-
hension as to their relative and respective rights, the result is

that that agreement is liable to be set aside as having proceeded upon a common mistake. Now, that was the case with these parties. The respondents believed themselves to be entitled to the property. The petitioner believed that he was a stranger to it. The mistake is discovered, and the agreement cannot stand."

In *Livingstone* v. *Murphy,* 187 Mass. 315, 72 N. E. 1012, 105 Am. St. Rep. 400, it is said: "A mistake as to the ownership of land is a mistake of fact in regard to which equity will grant relief, although the mistake arose from an erroneous view of the legal effect of a deed." In the course of its opinion the court further said: "The mistake was mutual, and it was one of fact, namely, as to the ownership of the northerly lot." The court adopts the language of Lord Westbury already quoted, that "Private right of ownership is a matter of fact. It may be the result also of matter of law; but if the parties contract under a mutual mistake and misapprehension as to their relative and respective rights, the result is that that agreement is liable to be set aside as having proceeded upon a common mistake," and then proceeds: "And this is so, although the mistake arises from an erroneous view of the legal effect of a deed in the chain of title. Against such a mistake equity will relieve."

In *Webb* v. *City Council of Alexandria,* 33 Gratt. 168, Judge Christian says: "While it is the general rule that mistakes in matter of law cannot be admitted as ground of relief, it is not a rule of universal application, especially in courts of equity. It is not an absolute and inflexible rule, but has its exceptions, though such exceptions, in the language of Judge Story, are few and generally stand upon some very urgent pressure of circumstances. If the maxim is used in the sense of denoting general law, the ordinary law of the country, no exception can be admitted to its general application, but it is otherwise when the word '*jus*' is used in the sense of denoting a private right. If a man, through misapprehension or mistake of the law, parts with or gives up private rights of property

or assumes obligations upon grounds upon which he would not have acted but for such misapprehension, a court of equity may grant relief, if, under the general circumstances of the case, it is satisfied that the party benefited by the mistake cannot in conscience retain the benefit or advantage so acquired."

The conclusion reached by Pomeroy, in section 849, seems to be in itself reasonable, and to be supported by the highest authority: "Whenever a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, interests, estates, duties, liabilities, or other relation, either of property or contract or personal status, and enters into some transaction, the legal scope and operation of which he correctly apprehends and understands, for the purpose of affecting such assumed rights, interests, or relations, or of carrying out such assumed duties or liabilities, equity will grant its relief, defensive or affirmative, treating the mistake as analogous to, if not identical with, a mistake of fact. It should be carefully observed that this rule has no application to cases of compromise, where doubts have arisen as to the rights of parties, and they have intentionally entered into an arrangement for the purpose of compromising and settling those doubts. Such compromises, whether involving mistakes of law or of fact, are governed by special considerations."

We are of opinion that there is no error in the decision of the circuit court, which is affirmed.

*Affirmed.*