# CHARLESTON.

WILSONBURG METHODIST EPISCOPAL CHURCH *v.* PETER W. ASH.

Submitted January 12, 1921. Decided February 8, 1921.

APPEAL AND ERROR—*Overruling Demurrer to Petition for Removal of Church Trustee Not Reviewable on Certificate;* "*Pleading.*"

A petition or motion to appoint or remove church trustees under the provisions of § 4 of ch. 57 of the Code is not a pleading within the meaning of the latter paragraph of § 1 of ch. 135 of the Code, and the action of the circuit court in overruling a demurrer to such petition or motion is not reviewable by this court upon a certificate from the circuit court under the provisions of that paragraph.

(MILLER, JUDGE, *dissenting.*)

Certified from Circuit Court, Harrison County.

Petition by the Wilsonburg Methodist Episcopal Church against Peter W. Ash for the confirmation of the action of the district conference in removing respondent as trustee. A demurrer being overruled, the cause was, on defendant's motion, certified to the Supreme Court of Appeals.

*Dismissed for want of jurisdiction.*

*Steptoe & Johnson,* for plaintiff.
*Ray L. Strother* and *Harvey W. Harmer,* for defendant.

RITZ PRESIDENT:

The Wilsonburg Methodist Episcopal Church, Adamston Charge of the Quarterly Conference, by J. B. Workman, District Superintendent, filed a petition in the circuit court of Harrison county asking that court to confirm the action of the district conference in removing Peter W. Ash as one of the trustees of said Wilsonburg Methodist Episcopal Church. A demurrer was filed by Ash to the petition which, being overruled, the court, upon motion of the said Peter W. Ash, certified to this court for its decision the propriety of the ruling upon the demurrer.

This proceeding is had under the provisions of § 4 of ch. 57 of the Code, providing that the circuit court, on the application of the proper authorities of the church, may from time to

time appoint trustees, or change those appointed whenever it may appear proper. The question is certified by virtue of the latter paragraph of §1, ch. 135 of the Code, providing that the sufficiency of a summons or a return of service, or any pleading, may be certified to this court. Is the paper filed in this case, which is called a petition, a pleading within the meaning of that statute? The statute contemplates the settlement of preliminary questions arising upon the pleadings, or the sufficiency of a summons or return of service thereon in advance of the hearing so that in case such pleadings, or the summons or the return thereon are not good, the error may be corrected before the expense of a trial is incurred. The appointment or removal of church trustees is made by the circuit court upon the application of the proper authorities of the church. No formal pleading is required for this purpose. In fact we know that in most cases no written motion is even made for the purpose, the action of the court being simply invoked by presenting the evidence that the proper church authorities have acted, which action is thereupon ordinarily confirmed. We do not think, in such case, that there is any necessity for the filing of any written petition or pleading, unless some rule of practice of the court should require such motions to be filed in writing. In that event they are not pleadings within the meaning of § 1, ch. 135 of the Code. A proceeding for the appointment of church trustees is not a lawsuit in any sense of the term, and the term pleadings, as used in that section, has reference to such pleadings as are filed in suits pending in court.

Our judgment, therefore, is that this court has no jurisdiction upon this certificate to review the action of the circuit court of Harrison county, and we therefore dismiss the certificate.

*Dismissed for want of jurisdiction.*

MILLER, JUDGE, (*dissenting*):

According to the prior decisions of this court and the courts of Virginia, section 4 of chapter 57 of the Code was intended to provide a summary ex parte remedy, always existing in courts of equity independently of statute, and the usual practice has

been to proceed by mere motion, without formal pleadings. *Venable* v. *Coffman*, 2 W. Va. 310; *Wade* v. *Hancock*, 76 W. Va. 620, 622, 624.

In the case here the plaintiff filed a formal petition with notice to the defendant of the proposed application for his removal as trustee of the church at Wilsonburg. The petition purports in its caption to be that of Wilsonburg Methodist Episcopal Church of the Adamston Charge Quarterly Conference, and is so signed, by J. B. Workman, District Superintendent, and by Steptoe & Johnson, Counsel. My associates are of opinion that this petition is not a pleading within the meaning of section 1, chapter 135 of the Code. The remedy given by section 4 of chapter 57 of the Code is cumulative of the remedy already existing in courts of equity. I think the case falls within the spirit and purposes of that statute.

The allegations of the petition are that by an order of the circuit court, made on February 13, 1920, John B. Strother, J. B. Whiteman, Peter Ash, J. L. Thompson, Oliver Windom, Hugh Thompson, William Hurst and O. J. Hanna were duly appointed trustees of said church; that at a regular session of the Quartely Conference of said Wilsonburg Methodist Episcopal Church, held on March 28, 1920, at Adamston, Harrison County, on motion duly sustained by unanimous vote, it was ordered that said P. W. Ash, theretofore appointed trustee by the name of Peter Ash, be removed from the Board of Trustees of said Church for the following reasons:

1. Because of his failure and refusal to give any ministerial support to the pastor.

2. Because of his failure to endorse checks properly auauthorized and drawn, for services rendered by the sexton and for supplies purchased for the church.

3. Because of his contempt of an order of the quarterly conference and for other reasons.

A copy of the minutes of said quarterly conference is vouched and exhibited with said petition in support thereof. And the petition alleges that the petitioner is the proper authority of said church to elect and remove trustees and to make application for their appointment and removal by the court.

The prayer is that the court will confirm the removal of said

Ash as trustee, and that said John B. Strother, J. B. White-man, J. L. Thompson, Oliver Windom, Hugh Thompson, William Hurst and O. J. Hanna be and constitute the trustees of said church, being all those appointed by the order of the court made February 13, 1920, except the said Ash, removed.

The demurrer challenges the sufficiency of the petition, upon two grounds, stating them in logical order as follows: first, because petitioner is not a corporation nor competent to sue as such; second, because the grounds assigned in the minutes of the quarterly conference are not good grounds for removal of a trustee.

On the first proposition, section 4 of chapter 57 of the Code authorized the court to act upon the application of the proper authorities of the church, congregation, etc.    As stated, the petition is brought in the name of Wilsonburg Methodist Episcopal Church, Adamston Charge Quarterly Conference, by J. B. Workman, District Superintendent.    The statute does not contemplate formality in pleadings.    The petition alleges that petitioner is the proper authority of said church to elect and remove trustees.    The demurrer admits the allegation, if well pleaded.    Though the petitioner may not be a corporation or a legal entity capable of suing, yet if it be authorized collectively to act in the premises, we think good practice in cases of this kind authorizes the proceedings to be in the name of the collective body or organization by one or more of the parties, proceeding on behalf of all. *McConnell* v. *Gardner,* Morris 272, (Iowa).    If the church as a collective body or the quarterly conference is the proper authority contemplated by the statute to take action, as petitioner alleges, there must be some one to take the initiative.    Usually the action of the court has been invoked by mere motion, without pleadings.    I am of opinion that the point of demurrer for want of proper parties is without merit.

The next point of error, that the grounds of removal recited in the minutes are insufficient to justify removal of the defendant as trustee, I think can not be sustained. The statute gives the court authority to appoint trustees on the application of the proper authorities of the church "whenever it may appear to the court proper to effect or promote the pur-

pose of the conveyance, devise or dedication and secure the same to the use of those justly entitled thereto." The statute seems to limit the authority of the court to promoting the purpose of the conveyance, etc., and securing the property conveyed or dedicated, to the use of those justly entitled to it. It may be a little difficult to see how any of the specific grounds assigned in the minutes are involved in the question of effecting or promoting the purpose of the conveyance or dedication of the church property, although some or all of them may have relation thereto. Besides those specifically stated, the third ground says, "and for other reasons." On the inquiry before the court I do not think it would be confined to the grounds assigned for the action of the church authority; it might consider other grounds which under the statute would justify removal or appointment of a trustee.

To the grounds of demurrer assigned by defendant petitioner's counsel interpose the proposition that a member of the church must submit to its ecclesisatical jurisdiction, and however dissatisfied he may be with that jurisdiction, he has no right to invoke the power of the civil courts where no civil rights are involved. This proposition is well settled by the authorities cited, including the leading case of *Watson* v. *Jones,* 13 Wall. 679, and our case of *Sanders* v. *Meredith,* 78 W. Va. 565. But this proposition would seem to pertain rather to one's rights and obligations as a member of the church and to the discipline of the church authorities relating thereto, than to his rights as trustee of the church property. The case of *Watson* v. *Jones, supra,* involved the rights of trustees to act as such and also to their rights in the use of the property as a place of worship. I do not know from the pleadings what may be the policy of the church as to the personnel of the trustees, nor for what grounds they may be removed or disciplined by the church authorities. The statute assumes some authority or jurisdiction over them, in their appointment or removal as trustees, and the courts will be moved to action on the application of the proper church authorities.

In such proceeding the court may not be disposed to regard as sufficient for its action those grounds relied on by the church authorities; but if other and additional grounds should be

urged on the hearing of the motion or proceedings, it would have jurisdiction to act thereon independently of those assigned by the church authorities for their action.

I see no error in the rulings of the court on the demurrer and would so certify to the circuit court.