IN RE ESTATE OF WOLFRUM.

(No. 238—Decided July 12, 1963.)

*Mr. Otto W. Hess* and *Mr. George A. Meekison,* for Robert Wolfrum.

*Mr. John E. Zimmerman,* guardian, *in propria persona.*

GUERNSEY, J. This appeal involves the renunciation of a succession under the statutes of descent and distribution pursuant, specifically, to Section 2105.061, Revised Code, providing as follows:

"Any competent adult entitled to receive any right, title, or interest in any property through intestate succession as provided by Section 2105.06 of the Revised Code, may renounce such interest by filing a written statement of renunciation with the Probate Court within sixty days after notice of the hearing on inventory of the intestate's property has been given as required by Section 2115.16 of the Revised Code. Any property renounced pursuant to this section shall be distributed as provided by law as if such competent adult had predeceased such decedent."

Upon the death, intestate, of Harold P. Wolfrum, a resident of Ohio, his only son, Robert Wolfrum, a resident of Florida, together with Harold's widow and only daughter each became entitled to an undivided one-third interest in Harold's estate (which included both real and personal property having its situs in Ohio). For reasons not here pertinent, Robert desired to transfer his interest in the estate to his mother and sought the advice of counsel as to how this might be accomplished. Following this consulation Robert filed in the Probate Court of Defiance County, Ohio, where the estate was being administered, a written renunciation of his interest therein which appears to comply both in time and in substance with the provisions of the foregoing statute.

Thereafter, after the 60 days for compliance with the statute had expired, Robert determined that his renunciation did not achieve his objective and on October 22, 1962, he filed in Probate Court a document purporting to be a combined cancellation of his renunciation and a *motion* praying the court for an "order cancelling and declaring void and of no force and effect said written renunciation filed as aforesaid."

The Probate Court set the motion for hearing on November 9, 1962, ordered notice of the hearing to be given by registered mail to the lineal descendants of Robert, the next of kin of the decedent and to the Ohio guardian of the estates of six of Robert's children who resided with relatives in Ohio, and, after proof of the giving of the notice was filed, conducted a hearing on the date set. At this hearing Robert claimed that it was his understanding that his renunciation of his interest in the estate would operate to cause the same to become the property of his mother but, notwithstanding such claim, offered the testimony

of the attorney whom he had consulted to the effect that Robert had been advised by him that the renunciation would cause Robert's interest to pass in equal shares to his mother and sister. As a matter of law, however, the operation of the renunciation statute and the statutes of descent and distribution, as applied to the facts herein, would cause the interest renounced by Robert to pass to his eight minor children, the six aforementioned together with two others residing with Robert in Florida.

Subsequent to the hearing the Probate Court stated in its opinion filed in the cause that "moreover the mistake claimed by Robert, if actually made, was a mistake of law in which no fraud intervened," and thereupon overruled the motion. The judgment overruling the motion has been appealed to this court upon questions of law and fact.

As there are no statutory provisions providing for the cancellation or rescission of a written renunciation of an intestate share, general equitable procedure and principles are applicable. On the facts herein, the same may not be accomplished except as in an equitable action for rescission or cancellation of a written instrument by reason of the mistake of the person executing the same. If such an action were properly initiated we are of the opinion that the Probate Court had jurisdiction to entertain the same. *In re Trust of Stuckey*, 80 Ohio App., 421. If properly brought, and trial had, this court would then have derivative jurisdiction to hear same *de novo* on an appeal on questions of law and fact.

Although people are generally charged with knowledge of the law and usually denied relief by reason of mistake of law, there is substantial authority to the effect that ignorance of law is "the want of knowledge or acquaintance with the laws of the land in so far as they apply to the act, relation, duty, or matter under consideration; [is] construed as meaning ignorance of the laws of *one's own* country or *state, and not the laws of foreign* countries or *states, ignorance of which is regarded as* ignorance or *mistake of fact*; and distinguished from 'mistake of law.'" (Emphasis added.) 42 Corpus Juris Secundum, 379, Ignorance. See, also, *Miller* v. *Bieghler*, 123 Ohio St., 227, where our Supreme Court held:

"Where parties to a deed are mutually mistaken as to

the effect of a statute of descent of another state upon title to real estate therein, the same becomes a question of fact and in a proper case equity has jurisdiction to grant relief based upon such mistake.''

However, the Probate Court should not have determined, and we may not determine, whether this authority is applicable to entitle Robert Wolfrum, a nonresident of Ohio, to the relief which he sought, for the jurisdiction of the Probate Court was improperly invoked and we cannot, therefore, derive any jurisdiction to determine such issue on its merits in this appeal. Instead of invoking the jurisdiction of the Probate Court by a pleading fully stating a cause of action, followed by service of *summons* (e. g., Section 2101.29, Revised Code) on all necessary parties, giving them the opportunity to appear and answer as provided by law, the jurisdiction of the Probate Court herein was attempted to be invoked by the mere filing of a motion, having perhaps only some of the elements of a proper petition, followed by the serving of a mere *notice* of the order of the court setting the same down for hearing, as provided by Sections 2101.26 and 2101.27, Revised Code.

Under these circumstances, the order of the Probate Court overruling such motion was no doubt correct because its jurisdiction had not been properly invoked, but, being viewed as a correct determination on such ground, it constituted merely an interlocutory order of a character not reviewable by this court, either on appeal on questions of law and fact or questions of law only, but reviewable, as aforesaid, only to the extent necessary to determine this court's appellate jurisdiction. Finding such appellate jurisdiction wanting, the appeal must be dismissed at the costs of the appellant and the cause remanded to the Probate Court for execution on said costs.

Viewed in this manner, as relating only to the invoking of jurisdiction, the order of the trial court overruling the motion, and the judgment of this court dismissing the appeal, are not *res judicata* of the issue whether Robert Wolfrum is entitled by a proper proceeding to revoke his renunciation by reason of his claimed mistake of fact.

*Appeal dismissed.*

MIDDLETON, P. J., and YOUNGER, J., concur.