## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael Coffield and Tylene Coffield,**
**Plaintiffs/Counterclaim Defendants Below,**
**Petitioners**

**FILED**

March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0680** (Marshall County 11-C-23)

**Florence Behrens, Donna Auber,**
**Charles Danehart, Linda Cook,**
**Sue Haberfield, Cathy Downing,**
**Thomas Harbert, and John Lemons,**
**Heir of Valentina Lemons,**
**Third Party Defendants Below,**
**Respondents**

## MEMORANDUM DECISION

Petitioners Michael Coffield and Tylene Coffield, plaintiffs and counterclaim defendants below, by counsel Eric Gordon, appeal the order of the Circuit Court of Marshall County, entered May 28, 2012, that granted partial summary judgment to respondents (the third-party defendants below) in an action seeking title to real property. Respondents Florence Behrens, Donna Auber, Charles Danehart, Linda Cook, and Sue Haberfield, by counsel Joseph L. John, filed a response to which petitioner replied. Respondents Cathy Downing, Thomas Harbert, and John Lemons, the heir of Valentina Lemons, do not make an appearance herein.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The real property at issue in this appeal is a farm located in Marshall County, West Virginia. In 1879, Henry Behrens acquired the property through two separate deeds. Mr. Behrens first acquired a "179.5 acre tract" by deed dated April 7, 1879 (Mr. Behrens' "first deed"). Five months later, Mr. Behrens acquired an "18 to 20 acre tract[,]" by deed dated September 22, 1879 (Mr. Behrens' "second deed"). The property described in Mr. Behrens' second deed adjoined the property described in Mr. Behrens' first deed. Upon Mr. Behrens' death, all of his real property was devised to his son. When the son died, the property was left to numerous heirs, some of whom are respondents in this appeal.

Petitioners purchased what they believed to be the entire Behrens' farm from Mr. Behrens' heirs on January 24, 2008, for $230,000. The real estate contract between the parties

1

stated, "That the Sellers hereby agree to sell and the Buyers hereby agree to purchase certain real estate described as 179.5 acres, more or less . . ." The physical description of the property and the metes and bounds matched those in Mr. Behrens' first deed which was the only deed known to the parties to the contract at the time of the sale.

The farm was conveyed to petitioners in three deeds. After these deeds were recorded, petitioners had the property surveyed. The survey revealed that the farm consisted of only 166.3 acres, or 18.2 acres less than the 179.5 acres they believed they had purchased. The 18.2 acres was found to be located between the farm and adjacent land belonging to Mr. Stephen Bartolovich. However, the owner of the 18.2 acres was unknown.

Petitioners filed a complaint against Mr. Bartolovich seeking ownership of the 18.2 acre parcel via adverse possession. Mr. Bartolovich answered and filed a counterclaim claiming ownership of the 18.2 acres also via adverse possession. The trial court appointed a guardian ad litem ("GAL") on behalf of the unknown owner of the 18.2 acre tract. Thereafter, the GAL discovered Mr. Behrens' second deed for the "18 to 20 acre tract [.]"

Following the GAL's disclosure of the second deed, petitioners contacted Mr. Behrens' heirs and asked them to sign "deeds of correction" which would convey the heirs' interest in the 18.2 acre tract to petitioners. Sixteen of the twenty-four heirs signed deeds of correction. Those eight heirs who refused to sign are the respondents in this appeal.

Thereafter, Mr. Bartolovich filed an amended answer to petitioners' complaint and a third-party complaint against Mr. Behrens' heirs. In response, respondents Florence Behrens, Donna Auber, Charles Danehart, Linda Cook, and Sue Haberfield (together the "represented respondents") filed a counterclaim against petitioners alleging that they had no obligation to sign deeds of correction and seeking damages for the cloud on their title to the 18.2 acre tract. Petitioners responded by filing a claim against the represented respondents that alleged the represented respondents had breached the contract of sale by failing to sign deeds of correction because the omission of the 18.2 acre tract in the contract of sale was the result of a mutual mistake between the parties.

On April 9, 2013, the represented respondents filed a motion for partial summary judgment claiming that there was no mistake of fact regarding the exclusion of the 18.2 acre tract from the sales contract. Conversely, they claimed that even if there had been a mutual mistake of fact, petitioners had no legal redress because any mistake was due to petitioners' failure to survey the property before purchasing it.

On May 28, 2013, following a hearing on the represented respondents' motion for partial summary judgment, the circuit court granted the motion. The circuit court found that (1) the written documents in this case "speak for themselves"; (2) petitioners should have surveyed the property or required the sellers to survey it before they signed the sales contract and executed the deeds; (3) petitioners could not introduce extrinsic evidence in regard to the deeds due to their omission, negligence, or fault in regard to a survey; and (4) the "18 to 20 acre tract" described in Mr. Behrens' second deed still belonged to his heirs.

2

Petitioners now appeal the circuit court's order that granted the represented respondents' motion for partial summary judgment.

Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment should be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Thus, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). We accord a plenary review to the circuit court's order granting summary judgment: "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

Petitioners raise three assignments of error on appeal. Petitioners first argue that the circuit court erred in refusing to consider extrinsic evidence of the parties' mutual mistake of fact in construing the sales contract. Petitioners claim that the record contains the following evidence proving that both parties mistakenly believed that petitioners were purchasing the entirety of the Behrens' farm: First, none of the parties to the contract knew that the farm was, in fact, two parcels of land when the contract was executed. Second, petitioners believed they were buying the entire farm because the tax map prepared by the county assessor showed the disputed 18.2 acres to be part of the farm. Further, the assessor's map showed that the farm adjoined Mr. Bartolovich's property. Third, sixteen of the heirs executed deeds of correction conveying their interest in the disputed acreage to petitioners without additional consideration. Fourth, none of the non-signing heirs sought any ownership in the property until the second deed was discovered. Finally, neither the sales contract nor the resulting deeds excepted or reserved any portion of the farm to the sellers.

The lower court correctly found that petitioners could not add to or alter the sales contract or deeds by extrinsic evidence because the sales contract and petitioners' deeds were unambiguous.

> "Extrinsic evidence of statements and declarations of the parties to an unambiguous written contract occurring contemporaneously with or prior to its execution is inadmissible to contradict, add to, detract from, vary or explain the terms of such contract, in the absence of a showing of illegality, fraud, duress, mistake or insufficiency of consideration." Syl. Pt. 1, *Kanawha Banking & Trust Co. v. Gilbert*, 131 W.Va. 88, 46 S.E.2d 225 (1947).

Syl. Pt. 4, *Sedlock v. Moyle*, 222 W.Va. 547, 668 S.E.2d 176 (2008). As a matter of law, the 18.2 acre tract was not included within petitioners' deeds. Petitioners reviewed, accepted, and recorded these deeds which contained a detailed description of the property with specific metes and bounds that matched the description of the property conveyed in Mr. Behrens' first deed. Importantly, neither the sales contract nor the deeds included a description of the property found in Mr. Behrens' second deed, or the terms "Behrens' Farm" or "all of Henry Behrens' property." Thus, petitioners' claim—that respondents intended to convey the 18.2 acre tract via the sales

3

contract and the resulting deeds—fails as a matter of law.

Petitioners next argue that the circuit court erred in finding that they were negligent or at fault for failing to survey the subject real property prior to purchasing it because a person of ordinary prudence would not be required to do so. Petitioners contend that the trial court's ruling imposes a duty on all real estate purchasers to survey property prior to its purchase.

Prior to the sale of the subject property, petitioners sent a letter to Respondent Donna Auber demanding that, if they (petitioners) were the high bidders, the sellers "shall obtain a boundary survey" which "at a minimum will set forth an accurate legal description and number of acres" in "order for [petitioners] to know the exact parcel of land which is being purchased." Petitioners claim that upon learning that they were the high bidders, they asked respondents for such a survey, but their request was refused. Given this history, it is clear that petitioners knew that a survey was necessary to determine the exact boundaries and acreage of the property. Nevertheless they purchased the property absent a survey. Thus, in this case and on these facts, they bear the risk of their fault or negligence. "A party cannot avoid the legal consequences of his actions on the ground of mistake, even a mistake of fact, where such mistake is the result of negligence on the part of a complaining party." Syl. Pt. 4, *Webb v. Webb*, 171 W.Va. 614, 301 S.E.2d 570 (1983).

Petitioner last argues that the circuit court's award of summary judgment in favor of the represented respondents was improper given the existence of genuine issues of material fact regarding the land being conveyed in the parties' contract of sale.

The circuit court's grant of partial summary judgment in favor of the represented respondents was appropriate because there was no fraud or mistake and petitioners' purchase was consummated when they accepted and recorded the deeds as full performance of the contract.

> "Until consummated by deed, an executory contract of sale is subject to modification by agreement of the parties; and where an act is done which without fraud or mistake is tendered by one of them, and accepted as full performance by the other with knowledge of his legal rights and equities, the acceptor and those claiming under him are not competent to assert that some part of the original agreement remains to be performed." Syl. Pt. 8, *James Sons Co. v. Hutchinson*, 79 W.Va. 389, 90 S.E. 1047 (1916).

Syl. Pt. 4, *Spitznogle v. Durbin*, 230 W.Va. 398, 738 S.E.2d 562 (2013). Thus, petitioners cannot now argue that some part of the sales contract remains to be performed or that the contract and deeds need to be reformed to include the 18.2 acre tract.

For the foregoing reasons, we find that the circuit court did not err in granting partial summary judgment to the represented respondents and, therefore, affirm the circuit court's May 28, 2012, order.

4

Affirmed.

**ISSUED:** March 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II